UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JAMES EDWARD BURNS**<br>    LA. DOC #90434<br>VS. | **CIVIL ACTION NO. 3:13-cv-2948**<br><br>**SECTION P**<br><br>**JUDGE DONALD E. WALTER** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner James Edward Burns, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on October 28, 2013. Petitioner attacks his 2009 second degree murder conviction and the life sentence imposed thereon by Louisiana's Sixth Judicial District Court, Madison Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On February 11, 2008, petitioner was indicted by the Madison Parish Grand Jury and charged with second degree murder. On September 4, 2009, he was found guilty as charged and on September 22, 2009, he was sentenced to serve life without benefit of parole. [Doc. 1-2, p. 3] He appealed his conviction to the Second Circuit Court of Appeals arguing three assignments of error, (1) insufficiency of the evidence; (2) denial of challenges for cause; and, (3) improper introduction of other crimes evidence. On September 22, 2010, his conviction was affirmed.

*State of Louisiana v. James Edward Burns*, 45,539 (La. App. 2 Cir. 9/22/2010), 48 So.3d 344. On some unspecified date he applied for writs in the Louisiana Supreme Court and on March 4, 2011, writs were denied. *State of Louisiana v. James Edward Burns*, 2010-2449 (La. 3/4/2011), 58 So.3d 473. Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)]

On January 17, 2012, petitioner filed a *pro se* application for post-conviction relief in the District Court raising claims of (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and, (3) failure of the trial court to give limiting instructions on the other crimes evidence.[1] On February 2, 2012, the application was denied in the trial court. [Doc. 1-3, pp. 11-13] Petitioner's application for writ of review was assigned Docket Number 47,458-KH by the Second Circuit Court of Appeals and denied on May 3, 2012. [Doc. 1, ¶11(b)] Thereafter on June 12, 2012,[2] he filed an application for writs in the Louisiana Supreme Court. It was assigned Docket Number 2012-KH-1336 and denied on October 26, 2012. [Doc. 1, ¶11(c); see also *State of Louisiana ex rel. James Edward Burns v. State of Louisiana*, 2012-1336 (La. 10/26/2012), 99 So.3d 643.]

The instant petition was signed and dated October 25, 2013. [Doc. 1, p. 14] It was received by the Prison Legal Programs Department on October 28, 2013 and filed electronically

---

[1] Petitioner did not allege the date he filed his application for post-conviction relief. [See Doc. 1, ¶11(a)(3)] However, in the Judgment denying post-conviction relief, the date of filing is stated as January 17, 2012. [Doc. 1-3, p. 11] In the absence of evidence to the contrary, it will be presumed that the application was filed on January 17, 2012.

[2] These dates were supplied by petitioner. [Doc. 1, ¶11] If correct, it would appear that his application for writs was filed beyond the 30-day deadline for filing writs in the Supreme Court as provided in Supreme Court Rule X, §5(a) and therefore, his application was no longer properly filed or pending on May 3, 2012 and not October 26, 2012.

on that same date. [Doc. 1, p. 16] Petitioner asserts the following claims for relief – ineffective assistance of trial and appellate counsel and the failure of the trial court to provide limiting instructions with regard to other crimes evidence.

### *Law and Analysis*

***1. Limitations***

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains properly filed and pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal

---

[3] The pleadings and exhibits do not suggest that petitioner may rely upon the reckoning periods established by §2244(d)(1)(C), or (D).

courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

On September 22, 2010, petitioner's conviction was affirmed by the Second Circuit Court of Appeals. *State of Louisiana v. James Edward Burns*, 45,539 (La. App. 2 Cir. 9/22/2010), 48 So.3d 344. On some unspecified date he applied for writs in the Louisiana Supreme Court and on March 4, 2011, writs were denied. *State of Louisiana v. James Edward Burns*, 2010-2449 (La. 3/4/2011), 58 So.3d 473. Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)]

Assuming that his writ application to the Louisiana Supreme Court was properly filed and timely, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about June 4, 2011, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) Since petitioner's judgment of conviction became final for AEDPA purposes on June 4, 2011, petitioner had one year, or until June 4, 2012, to file his federal *habeas corpus* suit.

Petitioner was able to toll limitations during the pendency of his application for post-conviction relief. However, the available evidence establishes that he did not file his *pro se* application until January 17, 2012 [Doc. 1-3, p. 11] and by that time a period exceeding 7 months of the 1-year limitations period had expired un-tolled and could not be revived by the otherwise timely filing of the application for post-conviction relief. Thereafter petitioner was able to toll

limitations until October 26, 2012, when the Louisiana Supreme Court denied writs ending his State post-conviction litigation. *See State of Louisiana ex rel. James Edward Burns v. State of Louisiana*, 2012-1336 (La. 10/26/2012), 99 So.3d 643.[4] However, petitioner then inexplicably allowed almost a full year, 364 days, to elapse between the date the Supreme Court denied writs (October 26, 2012) and the date he filed the instant petition (October 25, 2013). In other words, the petition is clearly time-barred since more than 7 months elapsed un-tolled between the date of finality of judgment and the date he filed his application for post-conviction relief and 364 days elapsed thereafter between the date the post-conviction proceedings were terminated and the date he filed his federal *habeas* petition.

*2. Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

---

[4] However, seen fn. 2, supra. As noted, if the dates provided by petitioner are accurate, it would appear that the post-conviction proceeding no longer remained properly filed or pending once petitioner allowed the 30 day period provided by Rule X elapsed.

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Petitioner has not demonstrated that "extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75 (5th Cir.2010). The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from timely asserting his rights. Further, the record clearly demonstrates that petitioner inexplicably allowed a period of almost a full year to elapse between the date his post-conviction action terminated and the date he filed his federal *habeas corpus*. In short, petitioner was hardly diligent with regard to the collateral attack on his conviction and clearly not entitled to equitable tolling.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, December 2, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE